DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to exclude Plaintiffs' trial exhibits as untimely under Tax Court Rule-Magistrate Division (TCR-MD) 10 C. Defendant made its motion on the morning of trial, prior to the commencement thereof.
TCR-MD 10 C provides, in relevant part:
 "Each party shall provide the court and the other parties with copies of all exhibits to be introduced into evidence in support of that party's case. Unless otherwise set by the court, all exhibits must be either postmarked at least 14 days before the trial date or physically received at least 10 days before the trial date."
TCR-MD 10 C (emphasis in original).
Trial in this matter was set for September 21, 2009, in the courtroom of the Oregon Tax Court in Salem. By court rule, the last date for physical receipt of Plaintiffs' exhibits was September 11, 2009. Moreover, under the rule, Plaintiffs were required to submit a copy of their exhibits to both the court and Defendant before the deadline.
Plaintiffs' counsel unsuccessfully tried twice to transmit the exhibits to Defendant's counsel by electronic mail (e-mail) on Friday, September 11, 2009. Those transmittals apparently failed due to the size of the e-mail attachment containing the exhibits. Plaintiffs' *Page 2 
counsel had those exhibits hand delivered to Defendant's counsel Monday, September 14, 2009. The court did not receive a copy of Plaintiffs' exhibits until Thursday, September 17, 2009, at 3:00 PM.
Plaintiffs' exhibits are clearly untimely. Defendant did not receive the exhibits until seven days before trial, and the court did not receive them until four days before trial. Under the court's rule, "[a] magistrate may exclude any evidence received after [the applicable exchange deadlines]." TCR-MD No 10 C.
In Schug v. Lincoln County Assessor and Department of Revenue, TC-MD No 000215D (Order, Aug 14, 2000), the court excluded Intervenor-Defendant Department of Revenue's (department) exhibits as untimely because plaintiffs did not receive the department's exhibits until eight days before trial. In that case, the department was represented by attorneys with the State Attorney General's (AG) office. Staff within the AG's office deposited the exhibits "in the outgoing Federal Express pick up site" on Friday, August 4, 2000, expecting that they would be delivered the following day. (Schug, Int-Def's Resp to Ptf's Mot to Suppress, Ex A at 1-2, Aug 11, 2000.[1]) Federal Express, however, did not deliver them until Monday, August 7, 2000. Trial in that case was set for Tuesday, August 15, 2000. The department argued strenuously against exclusion of the evidence, insisting it "made a good faith effort to ensure that the documents were delivered to plaintiff by August 5, 2000, and plaintiffs have not been substantially prejudiced by the slight delay." (Id. at 2.) In rejecting that argument, the court noted that the department's counsel was an experienced litigator who had previously appeared before the court and had himself invoked the exclusionary rule against opposing parties in the past. (Schug, Order at 2, Aug. 14, 2000.) *Page 3 
Plaintiffs' counsel in the instant appeal is also an experienced attorney who has been a member of the Oregon State Bar for approximately 30 years.[2] As in Schug, counsel here argues that it made a good faith effort to timely submit the exhibits. And, as in Schug, the court in this matter is rejecting that argument. Defendant did not receive Plaintiffs' exhibits until seven days before trial, and the court did not receive them until four days before trial. Due to the magistrate's schedule, the court did not have a chance to review Plaintiffs' exhibits until the morning of trial.
In Lane County Assessor v. Zellner, TC-MD No 030664C (April 28, 2005), this court excluded Plaintiff's exhibits because it did not physically receive them until after the close of business (5 p.m.) on the last day for physical receipt under TCR-MD 10 C.
After some discussion in this matter, just prior to the commencement of trial, on the relative merits of Defendant's motion to exclude, counsel for Plaintiffs requested that the court grant the motion and rule in favor of Defendant. With its exhibits excluded, Plaintiffs' counsel concluded Plaintiffs lacked sufficient documentary evidence to substantiate the disputed deductions for the 2005 and 2006 tax years.[3]
Plaintiffs' counsel indicated he would appeal the matter to the regular division of the Oregon Tax Court. The court granted the motion to exclude. *Page 4 
Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's motion to exclude Plaintiffs' exhibits as untimely is granted, and Plaintiffs' appeal dismissed.
Dated this ___day of October 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on October 9,2009. The Court filed and entered this document on October 9, 2009.
[1] Exhibit A was the affidavit of the staff within the AG's who prepared the exhibits for mailing in deposited in the Federal Express pick up site.
[2] Plaintiffs' attorney is Steven M. Cyr. Mr. Cyr's State Bar member is 79205, indicating that he was admitted to practice in 1979.
[3] Plaintiffs also conceded several of the tax related issues: 1) certain IRC section 179 depreciation deductions for 2005 and 2006, 2) domestic production activities deductions in the amounts of $3,709 and $8,909, respectively, for 2005 and 2006, which are statutorily precluded under ORS 316.836, and 3) a carryforward deduction of approximately $9,200 (the year of the disallowed carryforward deduction is unclear the court). *Page 1